**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 15-23007 (RDD)<br><br>(Jointly Administered) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS on behalf of the bankruptcy estate of THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.*,<br><br>                Plaintiff,<br><br>    v.<br><br>MANHATTAN BEER DISTRIBUTORS, INC.,<br><br>                Defendant. | Adv. Pro. No. 17-08263 (RDD) |

**ANSWER OF DEFENDANT MANHATTAN BEER DISTRIBUTORS, INC.**
**TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' COMPLAINT**
**FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS**

Defendant Manhattan Beer Distributors, Inc. (the "Defendant"), by and through its

undersigned counsel, hereby answers the *Complaint for Avoidance and Recovery of Preferential*

*Transfers Pursuant to 11 U.S.C. §§ 547 & 550* (the "Complaint") filed by the Official

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company. Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kaik Save Inc. (3636); McLean Avenue Plaza Corp. (5227); Montvale Holdings. Inc. (6664); Montvale-Para Holdings. Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge TLC (5965); Shopwell, Inc. (0301): Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5718); and Waldbaum, Inc. (8599).

1

Committee of Unsecured Creditors (the "Committee") that was appointed in the Chapter 11 cases of the above-captioned Debtors (collectively, the "Debtors").

## Nature of the Action

1. Defendant admits that the Committee filed the Complaint against the Defendant, and asserts that the Committee's assertions in the Complaint speak for themselves.

## The Parties

2. Defendant admits the allegations in the first sentence of Paragraph 2. Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in the second sentence of that paragraph.

3. Defendant admits that the Court entered an order that is docketed at ECF No. 2868. Defendant asserts that such order speaks for itself.

4. Defendant admits the allegations set forth in Paragraph 4.

## Jurisdiction and Venue

5. In response to Paragraph 5, Defendant denies the allegations, except admits that: (a) the Court has jurisdiction over this adversary proceeding, (b) venue is proper in this District, and (c) proceedings to determine, avoid or recover preferences are listed as "core proceedings" in 28 U.S.C. § 157(b)(2). Defendant denies that the Bankruptcy Court has the authority to enter final orders or judgments in this adversary proceeding, absent consent of the parties. In the event it is determined that the Bankruptcy Court cannot enter final orders or judgments consistent with Article III of the United States Constitution, Defendant does not consent to entry of final orders or judgments by the Bankruptcy Court; provided that Defendant reserves the right to so consent at a later time in this proceeding.

6.      Paragraph 6 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant asserts that the Bankruptcy Rules and the Bankruptcy Code sections cited by the Committee speak for themselves.

## Case Background

7.      Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 7, except admits that the Debtors commenced their Chapter 11 cases on July 19, 2015.

8.      Defendant admits the allegations set forth in Paragraph 8.

## Facts

9.      Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 9.

10.     Defendant denies the allegations set forth in Paragraph 10, because The Great Atlantic & Pacific Tea Company, Inc. did not make any payments during the preference period to the entity that is named as the Defendant in this proceeding.

11.     Defendant denies the allegations set forth in Paragraph 11, because The Great Atlantic & Pacific Tea Company, Inc. did not make any payments during the preference period to the entity that is named as the Defendant in this proceeding.

12.     The first sentence of Paragraph 12 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations therein. Defendant denies the allegations in the second sentence of Paragraph 12.

## First Claim for Relief
### (Avoidance of Preferential Transfers – 11 U.S.C. § 547)

13. Defendant repeats the responses contained in the above paragraphs by reference, as if fully set forth herein.

14. Defendant denies the allegations in Paragraph 14, because The Great Atlantic & Pacific Tea Company, Inc. did not make any payments during the preference period to the entity that is named as the Defendant in this proceeding.

15. Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant admits that it has not returned any transfers to the Committee, but denies that it is obligated to do so. Defendant denies any remaining allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

## Second Claim for Relief
### (Recovery of Property – 11 U.S.C. § 550(a))

23. Defendant repeats the responses contained in the above paragraphs by reference, as if fully set forth herein.

24. Paragraph 24 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant asserts that the statutes cited by the Committee speak for themselves.

25. Defendant denies the allegations in Paragraph 25, because The Great Atlantic & Pacific Tea Company, Inc. did not make any payments to the entity that is named as the Defendant in this proceeding during the preference period.

26. Defendant denies the allegations in Paragraph 26.

## GENERAL DENIAL

Defendant denies all allegations in the Complaint that are not specifically admitted in this Answer, including but not limited to all statements in the WHEREFORE clause following Paragraph 26.

## DEFENSES

Defendant asserts the following defenses, and reserves the right to supplement these defenses in the future.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The Committee cannot establish one or more elements of its avoidance claim under Section 547(b) of the Bankruptcy Code, including Section 547(b)(5).

## THIRD DEFENSE

To the extent the Committee is able to establish the elements of a preference cause of action, any transfers Defendant may have received during the applicable preference period were made to pay a debt incurred in the ordinary course of business or financial affairs of the Debtor

5

and the transferee, and were (a) made in the ordinary course of business or financial affairs of the Debtor and the transferee, or (b) made according to ordinary business terms.

**FOURTH DEFENSE**

To the extent the Committee is able to establish the elements of a preference cause of action, any transfers Defendant may have received during the applicable preference period were offset in whole or part by subsequent new value. The subsequent new value was to or for the benefit of the Debtors, not secured by an otherwise unavoidable security interest, and the Debtors did not make an otherwise unavoidable transfer to or for the benefit of Defendant or non-party Manhattan Beer Distributors LLC on account of such new value.

**FIFTH DEFENSE**

The Debtors made no transfers to named Defendant Manhattan Beer Distributors, Inc. during the preference period.

**SIXTH DEFENSE**

The Committee and/or the Debtors' estates waived the right to bring a preference claim against either Defendant or non-party Manhattan Beer Distributors LLC, a New York limited liability company.

**SEVENTH DEFENSE**

The Committee and/or the Debtors' estates are estopped from bringing a preference claim against either Defendant or non-party Manhattan Beer Distributors LLC.

**RESERVATION OF RIGHTS**

Defendant reserves the right to assert other claims and/or defenses as may be available or become available during the course of these proceedings. Defendant further reserves the right to

plead further in this matter, including but not limited to amending this Answer, or asserting counterclaims, cross-claims or third-party complaints.

**WHEREFORE,** Defendant requests that judgment in this adversary proceeding be entered in its favor and against the Committee. Defendant also requests an award of its costs in this action to the extent permitted by law, including attorneys' fees and expenses, and such other and further relief as the Court may deem appropriate.

Dated: January 17, 2018

>TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP
>
>*/s/ Michael J. Riela*
>Michael J. Riela
>900 Third Avenue
>New York, New York 10022
>Telephone: (212) 508-6700
>Facsimile: (212) 371-1084
>Email: Riela@thsh.com
>
>*Counsel for Manhattan Beer Distributors, Inc.*